**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Ted Evan Doughty, ) | Cr. No. 3:05-944 |
| ) | Cr. No. 0:04-1033 |
| Movant, ) | Cr. No. 0:05-393 |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Ted Evan Doughty ("Movant"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. PROCEDURAL BACKGROUND

On December 7, 2004, a grand jury in the District of South Carolina returned a three-count indictment charging Movant with conspiracy to commit bank robbery of the Clover Community Bank (Count 1) and aiding and abetting a bank robbery (Counts 2 and 3). ECF No. 25 (0:04-cr-1033). On January 27, 2005, a grand jury in the Western District of North Carolina returned an indictment charging Movant with two bank robberies in Charlotte, North Carolina. ECF No. 1 at 5, 10 (0:05-cr-393). On February 2, 2005, the grand jury returned a superseding indictment adding two counts of unlawfully transporting stolen vehicles across state lines that coincided with the dates of the bank robberies in South Carolina. ECF No. 41 at 6-7 (0:04-cr-1033). On April 11, 2005 the North Carolina indictment was transferred to this district pursuant to Rule 20 of the Federal Rules of Criminal Procedure. ECF No. 1 at 1 (0:05-cr-393). On June 2, 2005, the Government filed a written Plea Agreement in which Movant agreed to plead guilty to both the North Carolina robberies and aiding and abetting one of the South Carolina robberies. ECF No. 65 (0:04-cr-1033). Movant entered a guilty plea on June 8, 2005. ECF No. 30 (0:05-cr-393).

While awaiting sentencing, Movant escaped from the Lexington County Detention Center and was not re-apprehended until three weeks later in Florida. On November 2, 2005, a grand jury returned a three-count indictment against Movant and three others charging them with conspiring to escape and assisting in the escape of federal detainees. ECF No. 26 (3:05-cr-944). Movant entered into a second plea agreement and later pleaded guilty to conspiracy to escape. ECF Nos. 94-96 (3:05-cr-944).

On June 19, 2006, Defendant filed a motion to withdraw his guilty plea for the bank robberies, claiming that prior to accepting the plea he was not aware that he would be deemed a career criminal. ECF No. 88 (0:04-cr-1033). He asserted that had he known he might be considered a career criminal, he would have never accepted the plea. During his sentencing hearing on August 28, 2006, the court denied Defendant's motion to withdraw the guilty plea because the record indicated that Movant's counsel had discussed his possible career offender status with him. The court sentenced Movant to a total of 250 months imprisonment, consisting of 240 months as to count 3 in 0:04-cr-1033, 240 months as to count 1 in 0:05-cr-393 to run concurrently to count 3 in 0:04-cr-1033, and 240 months as to count 2 in 0:05-cr-393, of which 230 months were to run concurrently and 10 months to run consecutively to count 3 in 0:04-cr-1033 and count 1 in 09:05-cr-393. (ECF No. 96 (0:04-cr-1033)).[1] Defendant received a consecutive sentence of 46 months for conspiracy to escape. ECF No. 139 (1:05-cr-944). Judgment was entered on August 31, 2006. The Court of Appeals for the Fourth Circuit affirmed Movant's convictions and sentence on May 21, 2007. *See United States v. Pilson*, 228 F. App'x 273 (4th Cir. 2007).

---

[1] Movant was sentenced as a career offender under U.S.S.G. § 4B1.1 due to his prior convictions in North Carolina state court for breaking and entering. ECF No. 138 at 8-10 (3:05-cr-944) (Presentence Investigation Report).

2

Movant filed this § 2255 motion on March 9, 2012. ECF No. 82 (0:05-cr-393).[2] On April 5, 2012, the Government filed a motion to dismiss. ECF No. 85. On the next day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the motion for dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 87. On May 2, 2012, Movant filed a response. ECF No. 89. Movant has also filed a motion to appoint counsel, ECF No. 101; a motion for an evidentiary hearing, ECF No. 107; a motion to expedite ruling on 2255, ECF No. 109; and a motion for leave to file a supplemental brief, ECF No. 112.

## II. DISCUSSION

### A. Section 2255 Motion

Movant asserts that he is "actually innocent of [being a] Career Offender" and moves the court for re-sentencing. ECF No. 82 at 5. The Government contends that Movant's § 2255 motion is time-barred. ECF No. 85. The court agrees.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[2] Each of Movant's motions are docketed under three docket numbers: 0:05-cr-393, 0:04-cr-1033, and 3:05-cr-944. For the sake of simplicity, references to the docket in this order after this point refer to the entry numbers in 0:05-cr-393. This order does, however, resolve all corresponding motions as docketed in 0:04-cr-1033 and 3:05-cr-944.

Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Fourth Circuit issued its mandate and judgment in this case on June 18, 2007. ECF No. 81. The statute of limitations began to run when the time expired for filing a petition for certiorari with the United States Supreme Court contesting the Fourth Circuit's affirmation of Movant's convictions and sentence. The statute of limitations ran on or about September 18, 2008, thus Movant's March 9, 2012 filing was not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1).

Movant is unable to demonstrate that one of the other dates listed under § 2255(f) occurred within one year of his March 9, 2012 filing. There is no evidence that Movant was prevented from filing a § 2255 motion because of any governmental interference, and Movant has not cited a Supreme Court decision recognizing a new right that renders his motion timely. *See* 28 U.S.C. § 2255(f)(4)(2), (3).

Specifically, with respect to Movant's claim that his prior convictions were not valid predicate offenses for his career offender classification, Movant cites *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011). *Simmons*, however, was an application of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) (decided June 14, 2010). The Fourth Circuit held that the United States Supreme Court's decision in *Carachuri–Rosendo* does not apply retroactively to cases on collateral review. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). *Simmons* was not decided by the

Supreme Court and "therefore does not reset the clock on the § 2255 limitation period." *See Blakney v. United States*, C.A. No. 4:11-cv-70024-RBH, 2011 WL 1113468 at *3 (D.S.C. Mar. 24, 2011). Section 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: the date on which the right asserted was initially recognized by the Supreme Court." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotation and citation omitted).

The Fourth Circuit subsequently recognized that in certain cases, *Simmons* may be retroactively applicable on collateral review. *See Miller v. United States*, 735 F.3d 141, 146-47 (4th Cir. 2013). However, in *Miller*, unlike in *Powell*, the Government waived the statute of limitations, "which would normally bar Miller's motion as untimely." *Id*. at 143. Here, the Government has made no such waiver and explicitly invokes the statute of limitations. ECF No. 184-1 at 4-8. Because the Government has not waived its statute of limitations defense and because *Simmons* is not a United States Supreme Court case, the statute of limitations under § 2255(f)(3) runs from June 14, 2010—the date of the Supreme Court's decision in *Carachuri-Rosendo*. *See, e.g.*, *Anderson v. United States*, 5:05-cr-70–BO, 2013 WL 6504764 (E.D.N.C. Dec. 11, 2013). Movant did not file his § 2255 motion until March 9, 2012, more than one year after the date of that decision, rendering his motion untimely.

Further, Movant has cited no new facts discovered to support his claim, only changes in the law. *See* 28 U.S.C. § 2255(f)(4); *Whiteside v. United States,* No. 13-7152 at 9-10 (4th Cir. Dec. 19, 2014) (holding that *Simmons* announced a "generally applicable legal rule" changing "the legal significance of certain facts without modifying them" and does not qualify as a new fact under § 2255(f)(4)); *see also, e.g.*, *United States v. Anderson*, Cr. No. 3:05-179-CMC, 2010 WL 4721135

at *1 (D.S.C. Nov. 15, 2010) ("The limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not (even assuming its applicability) a change in the law.").

Finally, the court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion. *See Whiteside v. United States,* No. 13-7152 at 14-15 (4th Cir. Dec. 19, 2014) (concluding that where "the only impediment to timely filing was the discouragement felt by petitioner when calculating the odds of success" in the pre-*Simmons* legal landscape equitable tolling was unavailable).

Accordingly, Movant's § 2255 motion is time-barred.

### B. Motion for Leave to File a Supplemental Brief

Movant has filed a motion for leave to file a supplemental brief. The motion is denied as futile, as additional briefing would not cure the untimeliness of Movant's § 2255 motion.

### C. Motions for Appointment of Counsel and Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing § 2255 Proceedings, the court must determine whether to hold an evidentiary hearing only if the petition is not dismissed. Because Movant's petition is being dismissed as untimely, it is not necessary to hold an evidentiary hearing in this matter. Additionally, the appointment of counsel is within the discretion of the court, and the court must appoint counsel in a habeas proceeding only "[i]f an evidentiary hearing is required." Rule

8(c) of the Rules Governing § 2255 Proceedings; *see* 18 U.S.C. § 3006A(2)(b). Because an evidentiary hearing is not required to resolve Movant's § 2255 motion, it is not necessary for this court to appoint counsel for Movant. Accordingly, Movant's motions for an evidentiary hearing and appointment of counsel are denied.

**D. Motion to Expedite Ruling on 2255**

Movant has filed a motion to expedite ruling on the motion to vacate. The motion is denied as moot.

### III. CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 82, is **DISMISSED**. The Government's motion to dismiss, ECF No. 85, is **GRANTED**. Movant's motion for leave to file supplemental briefing, ECF No.112, is **DENIED**. Movant's motion to appoint counsel, ECF No. 101, is **DENIED**. Movant's motion for an evidentiary hearing, ECF No. 107, is **DENIED**. Movant's motion to expedite ruling on 2255, ECF No. 109, is **DENIED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

                                                 /s/ Margaret B. Seymour
                                                 Margaret B. Seymour
                                                 Senior United States District Judge

Columbia, South Carolina
January 15, 2015